UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mark Volpe,<br><br>　　　Plaintiff,<br><br>v.<br><br>Golden Ticket Getaways, Inc.<br><br>　　　Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES UNDER THE TELEPHONE CONSUMER PROTECTION ACT AND THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE PRACTICES ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Mark Volpe, is a consumer who resided in Illinois at all times relevant to this action.

2. Defendant, Golden Ticket Getaways, Inc., is a Florida corporation that maintained its principal place of business in Orlando, Florida at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this matter as it arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The Court has supplemental jurisdiction over the state law claim.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. Golden Ticket Getaways Inc. (GTG) is a licensed Seller of Travel in the State of Florida.

6. GTG uses robocalls to market the sale of cruises in Illinois using telephone number 312-585-7501.

- 1 -

7. GTG uses robocalls to sell cruises on the MS Grand Celebration operated by Bahamas Paradise Cruise Line.

8. On January 14, 2016 at 10:28 a.m., GTG initiated an unsolicited telephone call from 312-585-7501 to Mark Volpe's cellular telephone number 847-571-0799.

9. The call began with a pre-recorded voice that informed Mark Volpe that he would win a "free" cruise if he completed a survey.

10. After Mark Volpe completed the survey he was connected with a representative of GTG.

11. Mark Volpe provided his email and was given confirmation number GT2455 by the representative.

12. But Mark Volpe learned that he had been deceived when he communicated with the representative of GTG.

13. GTG failed to provide the "free" cruise as promised.

14. Instead, GTG tried to sell Mark Volpe a cruise for two for $79 in "port fees" per ticket.

15. GTG also tried to sell 4 days, 3 nights in a resort, 7 day rental car and $100 gift card or admission to a theme park in Orlando for an additional $198.00.

16. GTG uses this fraudulent robocall scheme to sell cruises and vacation packages to numerous people.

17. Other consumers made complaints about robocalls from GTG from 312-585-7501. See http://800notes.com/Phone.aspx/1-312-585-7501

18. On the website www.reddit.com, another consumer described his experience with GTG as follows:
> I got a call with a recording, saying I was selected to "win" a free vacation if I answered a short poll. The poll had a few questions about presidential candidates and credit cards. After that the sales rep came on and took my info (name and phone number, no address, social, or anything identity stealing-worthy) and gave me the info on the supposed vacation I'd won. Curiously the email about the free vacation he said he sent never arrived. I pointed this out to him on the phone, and

> he said he sent it again, but it never came. Of course, he then made his sales pitch, to "expand" the 3 day vacation into two weeks in Florida, with tickets to Disney world, etc. When I told him I wasn't interested in buying anything, I was sent to his "supervisor" to try for a "better deal." The supervisor came on, answered my questions about the cruise (supposedly no blackout dates, no air fare, etc.) then promptly hung up. The company was called Golden Ticket getaways, has anyone ever heard of this company? Has anyone ever taken advantage of their "free" cruises, or is it just a ploy to get you to buy their vacation packages?
>
> https://www.reddit.com/r/Scams/comments/3ttzlq/golden_ticket_cruise_scam/

19. The true retail value of a cruise on the MS Celebration is $297.

20. Plaintiff Mark Volpe suffered actual monetary loss as a result of GTG's violation of the law by being deprived of a cruise worth $297.

21. Similarly situated class members also suffered actual monetary loss as a result of GTG's violation of the law by being deprived of a cruise worth $297.

## APPLICABLE LAW

22. Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

23. The TCPA provides, in part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> > >
> > > * * *

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

24. The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the subscriber or the regular user of the called number at the time the telephone call is made. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, adopted June 18, 2015, pp 40-41, ¶¶ 72-73.

25. Plaintiff was the "called party" in for the call Defendant placed to a Plaintiff's cellular telephone.

26. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) provides:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act" [815 ILCS 510/2], approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission Act [15 U.S.C. § 45].

## CLASS ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself, two Classes:

   **TCPA Class**: Plaintiff brings this action on behalf of himself of Class, including similarly situated individuals, defined consumers received a pre-recorded voice call from 312-585-7501 on their cellular phones.

   **ICFA Class**: Plaintiff brings this action on behalf of himself and a Class of similarly

situated individuals, defined as all Illinois consumers who received a call from 312-585-7501 and completed the survey and did not receive a free cruise.

28. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; and (3) persons who properly execute and file a timely request for exclusion from the class and (4) the legal representatives, successors or assigns of any such excluded persons.

29. Numerosity: The exact numbers of the members of the Classes are unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable based upon numerous complaints on the Internet.

30. Typicality: Plaintiffs' claims are typical of the claims of other members of the Classes, as Plaintiffs and other members sustained damages arising out of the wrongful conduct of Defendant, based upon the same transactions which were made uniformly to Plaintiff and other members of the public in that they received unsolicited pre-recorded voice calls promoting the sale of cruises.

31. Adequate Representation: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in many complex class actions. Plaintiffs have no interest antagonistic to those of the Classes, and Defendants has no defenses unique to Plaintiffs.

32. Predominance and Superiority: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The

damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendants. It would be virtually impossible for the individual members of the Classes to obtain effective relief from the misconduct of Defendant. Even if members of the Classes themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

33. Commonality: There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to the following:

    (a)    Whether Defendants' violated the TCPA (47 U.S.C. § 227)

    (b)    Whether Defendants' violated the ICFA (815 ILCS 505/1 et seq.)

## COUNT ONE

### Violation of the Telephone Consumer Protection Act

34. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 33 above as if fully set forth herein.

35. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using a prerecorded voice to call Plaintiff and class members on their cellular

telephones without Plaintiff's prior express consent or after such consent had been revoked.

36. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

37. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...." 47 U.S.C. § 312(f).

38. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute. *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

39. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA. *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

40. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

41. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

42. Plaintiff Mark Volpe suffered actual monetary loss as a result of GTG's violation of the TCPA by being deprived of a cruise worth $297.

43. Plaintiff Volpe also suffered actual damages in the form of invasion of privacy and lost time of minutes on his cellular phone as a result of GTG's violation of the TCPA.

## COUNT TWO

### Violation of the Illinois Consumer Fraud and Deceptive Practices Act

44. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 33 above as if fully set forth herein.

45. GTG committed an unfair and deceptive act in commerce, it intended plaintiff to rely on the act and the act proximately caused plaintiff to suffer damages – actual monetary loss of the "free cruise" promised in exchange for taking the survey that is worth $297.

46. GTG has a pattern and practice of inducing consumers to take the survey through the offer of a free cruise and then once the consumer takes the survey rather than provide the free cruise, GTG tries to sell a cruise and vacation package to consumers.

47. GTG intends that Mark Volpe and similarly situated consumers rely on the deception.

48. The deception occurred in the course of conduct involving trade or commerce.

49. GTG also engaged in an unfair practice in violation of the ICFA that (1) offends public policy established by the Prizes and Gifts Act; (2) is oppressive because Plaintiff and other consumers have no ability to know that there are charges for the "free cruise" before taking the survey; and (3) causes consumers substantial injury in that the "free" cruise is not free.

### JURY DEMAND

50. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

51. Plaintiff prays for the following relief:

    a. Grant class certification naming Plaintiff as Class Representative and his attorneys as Class Counsel

    b. An order enjoining Defendant from placing further telephone calls pursuant to 47 U.S.C. § 227(b)(3).

    c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d. Award actual damages, punitive damages, reasonable attorney's fees and costs and any other equitable relief pursuant to 815 ILCS § 505/10a.

    e. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By: /s/ Mark T. Lavery
One of Plaintiff's Attorneys

Date: January 26, 2016

Mark T. Lavery, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL 60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: mark@lifetimedebtsolutions.com